UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NEUTRALSOVEREIGNTIES CORP., et al., | Case No.: 3:25-cv-3544-CAB-AHG |
|---|---|
| Plaintiffs, | **ORDER:** |
| v. | **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** |
| ZIONS BANCORPORATION, et al., | |
| Defendants. | **(2) DISMISSING COMPLAINT;** |
| | **(3) DISMISSING MOTION TO COMPEL RULING** |
| | **[Doc. Nos. 1–3]** |

On December 11, 2025, Plaintiffs Neutralsovereignties Corp. ("Neutralsovereignties") and Manuel Ernest McNeely ("McNeely"), proceeding pro se, filed a Complaint against Defendants Zions Bancorporation, California Bank and Trust, Eric Ellingsen, Paul Burdiss, and Bryan Hane. [Doc. No. 1 ("Complaint").] Plaintiffs bring eight federal and state causes of action based on Defendants' denial of Plaintiffs' loan application. Plaintiffs did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, they filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] For the reasons outlined below,

the Court **GRANTS** the IFP motion as to Plaintiff McNeely, **DISMISSES** Plaintiff Neutralsovereignties from this case, and **DISMISSES** the Complaint.

## I.   Motion to Proceed IFP

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

McNeely states his income is $520 per month in public assistance benefits with $1,042 in monthly expenses. [*See generally* Doc. No. 2.] He lists his income and expenses with sufficient particularity, which demonstrate he cannot pay court costs and still afford life necessities. The Court **GRANTS** McNeely's motion to proceed IFP.

## II.   McNeely Cannot Represent Neutralsovereignties

As to Neutralsovereignties, the Court notes that a corporation may appear in the federal courts only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). It appears that McNeely, who is proceeding pro se and not an attorney, is improperly seeking to represent Neutralsovereignties. Given that no licensed counsel appears for them, the Court **DISMISSES** Neutralsovereignties from this action.

///

///

3:25-cv-3544-CAB-AHG

**III.  Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)**

   **A.  Legal Standard**

A plaintiff proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 1915(e)(2)(b)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The Court construes pro se pleadings liberally.  *See Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

   **B.  Discussion**

McNeely alleges that Defendants (1) discriminated against him when he attempted to "obtain a commercial loan in the amount of 14 Million Dollars[,]" and (2) discouraged, misled, and prevented him from applying for the loan.  [Doc. No. 1-2 at 4.]  He brings federal causes of action pursuant to the Americans with Disabilities Act ("ADA") and Equal Credit Opportunity Act ("ECOA"), and various state causes of action.  [*Id.* at 2.] The Court finds that McNeely's allegations are wholly conclusory.

3:25-cv-3544-CAB-AHG

As to his ADA claims, McNeely does not provide a single fact showing that Defendants discriminated against him on the basis of a disability. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (holding that courts need not accept as true "legal conclusions" contained in the complaint or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Indeed, Plaintiff merely claims that Defendant Hane "deni[ed] the loan for reasons that are inaccurate, discriminatory, punitive, and deceptive." [Doc. No. 1-2 at 5.] Undermining this conclusion, Plaintiff states that Defendant Hane's provided reasons for the $14 million loan denial were that McNeely's company had no operating history, McNeely provided insufficient financial information, his application was incomplete, and the requested loan was too large with no collateral. [*Id.* at 5.] Moreover, McNeely does not plead his disability with any specificity. *See Bresaz v. County of Santa Clara*, 136 F. Supp. 3d 1125, 1135–36 (N.D. Cal. 2015) ("Where . . . a party alleges that he . . . is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity."). He merely states "Plaintiff is disabled." [Doc. No. 1-2 at 2.]

McNeely's ECOA claims are similarly conclusory. To plead an ECOA claim, a plaintiff must sufficiently allege that a creditor discriminated against plaintiff with respect to a credit transaction or discouraged plaintiff from applying for credit on the basis of race, color, religion, national origin, sex or marital status, or age, or because the applicant derives income from a public assistance program. *See* 15 U.S.C. § 1691(a); *see also* 12 C.F.R. § 1002.4 (Consumer Financial Protection Bureau regulations which carry out the purposes of 15 U.S.C. § 1691). There are no facts showing that any Defendant discriminated against McNeely or discouraged/prevented him from applying for a loan on a prohibited basis. Accordingly, the Court **DISMISSES** McNeely's federal claims.

McNeely filed his Complaint pursuant to federal question jurisdiction. [Doc. No. 1-1 at 1.] With his federal claims dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. *See United Mine Works v. Gibbs*, 383 U.S. 715, 726 (1966); 28 U.S.C § 1367(c)(3). Accordingly, the Court **DISMISSES**

4

the complaint with leave to amend by **March 3, 2026**.   The Court also **DISMISSES** McNeely's "Motion to Compel Ruling on IFP Motion" as improperly filed.  [Doc. No. 3.]

It is **SO ORDERED**.

Dated:  February 3, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-3544-CAB-AHG