UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MANUEL ERNEST MCNEELY,
Plaintiff,
v.
ZIONS BANCORPORATION, et al.,
Defendants.

Case No.: 3:25-cv-3544-CAB-AHG

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

On February 26, 2025, Plaintiff Manuel Ernest McNeely ("Plaintiff"), proceeding pro se, filed an amended complaint against Defendants Zions Bancorporation, California Bank and Trust, Paul Burdiss, Eric Ellingsen, and Bryan Hane. [Doc. No. 5 ("FAC").] Plaintiff brings federal causes of action pursuant to the Equal Credit Opportunity Act, the Americans with Disabilities Act, and various state causes of action. For the reasons outlined below, the Court **DISMISSES** the FAC with leave to amend.

**I. Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)**

**A. Legal Standard**

The Court previously granted Plaintiff's motion to proceed in forma pauperis ("IFP"). [Doc. No. 4.] A plaintiff proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if the complaint "(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Indeed, "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(b)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court construes pro se pleadings liberally. *See Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

**B. Discussion**

Plaintiff brings forth several claims pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, including Defendants' refusal to review Plaintiff's income information, denial of Plaintiff's application without completely reviewing the application, failure to allow Plaintiff to complete his loan application, and failure to inform Plaintiff why his application was denied. [FAC at 3.] Plaintiff alleges that he was discouraged by both Defendant Bryan Hane and by the requirement of physically going into the bank to complete his loan application. [*Id.* at 4–5.] Plaintiff also brings forth a claim pursuant to the Americans with Disabilities Act ("ADA") alleging Defendants discriminated against him as a disabled person by requiring him to have $1.4 million to qualify for a loan. [*Id.* at 6.]

**1. Equal Credit Opportunity Act Claims**

Plaintiff's first claim is that Defendants violated the ECOA which prohibits discrimination in any aspect of credit transactions. [*Id.* at 5.] Additionally, Plaintiff's second, third, and fourth claims are all based on 12 C.F.R. § 1002, which is the consumer financial protection regulation that carries out the purposes of the ECOA. [*Id.* at 5–6.]

Plaintiff alleges that Defendants violated 12 C.F.R. §§ 1002.4(b), 1002.2(f), and 1002.9. [FAC at 6.]

**i. ECOA**

The ECOA generally prohibits discrimination in any aspect of a credit transaction. The prohibited bases include race, color, religion, national origin, sex, marital status, age, and deriving income from any public assistance program. *See CFPB v. Townstone Fin., Inc.*, 107 F.4th 768, 775 (7th Cir. 2024); 15 U.S.C. § 1691(a). Regarding public assistance income, a creditor may consider that income to determine "the amount and probable continuance of income levels, credit history, or other pertinent element[s] of credit-worthiness." 15 U.S.C. § 1691(b)(2).

Plaintiff argues that Defendants violated the ECOA by "willfully refusing to request or evaluate necessary information and denying credit without completion of the application." [FAC at 5.] Plaintiff fails to allege, however, what necessary financial information Defendants failed to consider or seek. He merely offers conclusory statements that Defendants did not consider all of his income and denied his application improperly. Accordingly, the Court **DISMISSES** the first cause of action with leave to amend.

**ii. 12 C.F.R. § 1002.4(b)**

Plaintiff claims Defendants violated 12 C.F.R. § 1002.4(b), which prohibits a creditor from making "any oral or written statement, in advertising or otherwise, to applicants or prospective applicants that would discourage on a prohibited basis a reasonable person from making or pursuing an application." Plaintiff alleges Defendants unlawfully discouraged him by (1) requiring him to go to the bank to submit his application despite the bank's website advertising an online option and (2) telling him they would not speak to Plaintiff if he asked questions pertaining to disabled individuals who receive public assistance income. [FAC at 2, 4.]

As to the first incident, Plaintiff does not allege any discouragement on a *prohibited* basis. Requiring Plaintiff to physically go to the bank does not implicate any of the bases

prohibited by the ECOA. *See* 15 U.S.C. § 1691(a). As to the second incident, Plaintiff does not allege basic facts such as which Defendant he spoke to or what questions he asked. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint which failed to link factual allegations to specific defendants). Of the five Defendants, Bryan Hane is the only one that Plaintiff specifically ties allegations to and none of those allegations show that Defendant Hane discriminated against or discouraged Plaintiff on a prohibited basis. [*See* FAC at 4.] Moreover, Plaintiff undermines his own allegations by stating that Defendants "induc[ed Plaintiff's] continued participation in the loan process[,]" which is the very opposite of discouraging Plaintiff from pursuing his credit application. [FAC at 5.] "While the Court does not determine the truth of the allegations on a motion to dismiss, the Court need not accept allegations that are contradicted by other allegations in the complaint." *Kennedy v. Bank of Am., N.A.*, No. 12-CV-952-YGR, 2012 WL 1458196, at *4 (N.D. Cal. Apr. 26, 2012). Accordingly, the Court **DISMISSES** the second cause of action with leave to amend.

**iii. 12 C.F.R. § 1002.2(f)**

Plaintiff claims Defendants violated 12 C.F.R. § 1002.2(f), which requires creditors to exercise reasonable diligence in obtaining any required information from the application. Plaintiff offers nothing but conclusory statements that Defendants were not diligent in obtaining required information from Plaintiff. Plaintiff does not specify what information was not sought. Additionally, Plaintiff again contradicts himself as he also alleges that Defendants continuously sought extensive financial documents from Plaintiff. [FAC at 5.] Accordingly, the Court **DISMISSES** the third cause of action with leave to amend.

**iv. 12 C.F.R. § 1002.9**

Plaintiff claims Defendants violated 12 C.F.R. § 1002.9, which requires a creditor to send a written notice to the applicant if additional information is needed and, when the creditor takes adverse action, to indicate the principal reason(s) for doing so. Plaintiff's claim is conclusory, as he fails to allege facts demonstrating that Defendants did not inform

him why they denied his application or that they did not seek additional information needed. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (holding that courts need not accept as true "legal conclusions" contained in the complaint or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Plaintiff also again contradicts himself as he states that Defendant Hane explained in adverse action documentation that Plaintiff did not have collateral to support the size of his loan. [FAC at 5.] Accordingly, the Court **DISMISSES** the fourth cause of action with leave to amend.

**2. Americans with Disabilities Act**

Plaintiff further alleges that Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12182, ("ADA"). [FAC at 6.] The Court dismissed Plaintiff's prior claims under the Americans with Disability Act ("ADA") because (1) the original complaint did not allege any facts showing that Defendants discriminated on the basis of a disability and (2) Plaintiff failed to plead his disability with any specificity. [Doc. No. 4 at 4.] Plaintiff's amended complaint still does not allege what his disability is or any facts showing he was discriminated against based on that disability. *See Bresaz v. Cnty. of Santa Clara,* 136 F. Supp. 3d 1125, 1135–36 (N.D. Cal. 2015) ("Where . . . a party alleges that he . . . is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity."). The Court thus **DISMISSES** the fifth cause of action with leave to amend.

**3. State Claims**

Plaintiff filed his amended complaint pursuant to federal question jurisdiction. [Doc. No. 5 at 2.] With his federal claims dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (); 28 U.S.C § 1367(c)(3).

///

///

### C. Conclusion

For the reasons discussed, the Court **DISMISSES** the FAC with leave to amend by **September 3, 2026**. The Court advises Plaintiff that this action may be subject to dismissal without leave to amend if he fails to cure the identified deficiencies. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if . . . the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies [.]").

Should Plaintiff file an amended complaint, he must comply with Local Rule 15.1(c) and include a version "that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how that pleading differs from the previously dismissed pleading." Failure to comply with the Local Rules will result in immediate dismissal of any amended complaint.

It is **SO ORDERED.**

Dated: August 3, 2026

Hon. Cathy Ann Bencivengo
United States District Judge